Beardsley v. Beardsley.

## Frank Beardsley

v.

## Alfred O. Beardsley, for use, etc.

*Garnishment—Agreement by Garnishee to Pay Other Debts of Judgment Creditor—Practice—Verdict against Weight of Evidence.*

1. Where a garnishee has assumed and agreed to pay debts of the judgment debtor to the full amount of his own indebtedness, he can not be held liable in garnishee proceedings.
2. Where there is a conflict in the evidence, and there is sufficient evidence to sustain the verdict, this court will not interfere. But when the finding of the jury is unsupported by the evidence, the judgment will be reversed.

[Opinion filed June 20, 1887.]

Appeal from the Circuit Court of La Salle County; the Hon. Charles Blanchard, Judge, presiding.

Messrs. Moloney & Stead, for appellant.

Messrs. Richolson & Gentleman, for appellees.

Welch, J.   This was an action brought by the appellee against the appellant before a Justice of the Peace under Sec. 1, Chap. 62, R. S., 1874, title Garnishment, "That whenever a judgment shall be rendered by any court of record, or any Justice of the Peace in this State, and an execution against the defendant in such judgment shall be returned by the proper

officers 'no property found,' on the affidavit of the plaintiff, or other credible person, being filed with the clerk or Justice of the Peace, that said defendant has no property within the knowledge of such affiant, in his possession, liable to execution, and that such affiant hath just reason to believe that any other person is indebted to such defendant, or hath any effects or estate of such defendant in his possession, custody, or charge, it shall be lawful for such clerk or Justice of the Peace to issue summons," etc. There was a trial before the Justice of the Peace, and cause brought to the Circuit Court by *certiorari*, where there was a trial, verdict and judgment for the appellee for the sum of $56.33 and costs, from which this appeal is taken.

· The errors assigned and insisted on by counsel for appellant are: 1st. The verdict of the jury was clearly against the weight of the evidence. 2d. The court erred in rendering judgment against appellants, there being no return of proper officers, " no property found," and no proper affidavit sworn to and filed. We will examine the errors in the order stated.

In the spring of 1885, Alfred O. Beardsley, the judgment debtor, and the appellant, Frank A. Beardsley, the garnishee, who are brothers, rented together, a farm of some 320 acres, their father, James A. Beardsley becoming security for the payment of the rent. The farm was divided between them, and they each worked their share. Frank worked 163 acres and Alfred 157 acres. Alfred resided on the farm and Frank resided with his father. Alfred had twenty acres in corn, eight acres in oats and thirteen acres in hay. The lease to the farm expired in the spring of 1886.

The garnishee proceedings in this case were. instituted on August 25, 1885, and judgment rendered thereon on the 31st day of August, 1885. The evidence shows that on the 8th of August, 1885, Alfred sold to Frank his crops for the sum of $360, on the following terms: $50 in cash, to be paid to Alfred within a week, an indebtedness of $10.60 due from Alfred to Frank canceled, then, the assumption by Frank of Alfred's share of the rent, amounting to the sum of $157, one-half of which was due November 1, 1885, the residue March

1, 1886. Also the assumption by Frank for Alfred of the note of Alfred to Thompson and Anderson for the sum of $101.50, amounting to the sum of $114.50, on which note Frank was security. Also his assumption to pay a debt of Alfred to their father of $11.60. Also his assumption of a note of Alfred to Anderson for the sum of $10.65. Also the sum of $6, owing by Alfred to Peterson. That Frank paid to Alfred within a week, the sum of $50 in cash, that he paid his father, for Alfred, $11.60 on the 16th day of August, 1885, and the note of Alfred to Anderson had been paid by Frank prior to garnishee summons. At the time the garnishee summons he had not paid the rent, nor the note to Thompson and Anderson, but had arranged the matter with Peterson for pasturage. Frank, in answer to the question, whether at the time of the garnishee summons or at the trial he had any money, property or effects of Alfred in his possession or under his control, answers no. Whitney, the Justice of the Peace who issued the garnishee summons and before whom the trial was had, states that Frank, on said trial stated, "that he had bought out his brother in the crops which they raised that year and that he was to pay him, I think I am correct in his statement, $360 or $460, but I would not be positive. He said that he assumed to pay some certain debts of his brother. The question was asked him if he had any contract to show that the parties had agreed to release his brother and take him for the debt. He said, no. Then the question was asked him if he had seen the parties that his brother was owing, to know whether they would accept him or not. He said he didn't. Then the question was asked him how many of those debts he had paid. He said he had paid his brother, I think, about $50, either somewhere from $30 to $50, and he was held on a note to Thompson and Anderson, and I think he spoke about this $6 pasture at the time. Then the question was put to him what he had done with the balance. He said he had $250 that he hadn't paid in yet." On cross-examination he stated that the debts Frank said he had assumed was the note to Thompson and Anderson and the pasturage to Peterson. "He said there was some men around Earlville that he mentioned,

but he did not tell who, that his brother owed." Johnson, who was acting as attorney for his partner, Hovda, before the Justice, corroborates the testimony of Whitney in the main. In the view we take of this evidence there is no serious or substantial conflict. As to the purchase, the consideration thereof, the amount that had been paid out, the amount of debts assumed, the amount of money on hand not as yet paid out, there is a substantial agreement. Frank, Alfred and their father, James A. Beardsley, are more specific in their details of the transaction. Whitney, before whom the trial was had, in his testimony furnishes the key that solves the apparent conflict in this case. When Frank had answered that a portion of the con ideration of his purchase was the assumption by him of certain debts of Alfred, " the question was asked him if he had any contract to show that the parties had agreed to release his brother and take him for the debt. He said, no." "Then the question was asked him if he had seen the parties that his brother was owing to know whether they would accept him or not; he said he didn't." " Then he was questioned as to how many of the debts he had paid." " Then the question was put to him what he had done with the balance. He said he had $250 he had not paid out yet." Whitney, from these questions, seems to have entertained the view, that if the parties that Alfred owed had not agreed to accept Frank and release Alfred from such indebtedness; that although Frank had assumed, as part of the consideration of his purchase from Alfred of his crops, that he would pay the rent and the note of Alfred to Thompson and Anderson, that the money not having been paid out by Frank prior to the garnishee summons, Frank was liable in this action as garnishee. As to the rent assumed by Frank for Alfred, Frank was primarily liable with Alfred for its payment, they both having leased the land. The amount of the rent assumed by Frank was the rent due from Alfred. Frank was surety on the note to Thompson and Anderson assumed by Frank for Alfred. The $6 to Peterson had been arranged with Peterson by Frank. The money had been by Frank paid to the other creditors of Alfred, which he had assumed to pay; also the debt of Alfred to him had been can-

Beardsley v. Beardsley.

celed. He had also paid Alfred the $50 in cash, prior to the garnishee summons. The only money he had in his hands unpaid out was the $157 for rent, and the sum of $114.50, the amount of the Thompson and Anderson note, he having arranged with Peterson the $6. Frank distinctly denies that he was indebted to Alfred, and denies that he had any property, effects or estate of Alfred in his possession, and in this he is supported by Alfred, and is contradicted by no one, unless the statement that it is claimed he made before the Justice of the Peace, that he still had some $250 which he had not paid out, can be held to be a contradiction. The money he still had in his hands and not paid out, referred to the money he had assumed to pay for Alfred on the rent, and the note of Thompson and Anderson. This was the only money shown to have been in his hands by the proof. The balance of the consideration of his purchase had been paid or arranged for. The only theory upon which we can account for the verdict in this case is, that the jury held that, as he had not paid the money out on the rent and to Thompson and Anderson, he was liable as garnishee in this case. Although he had assumed the payment of the rent, and was liable on the contract of rental, and had assumed the payment of the Thompson and Anderson note, on which he was bound as surety, we can not concur in the conclusion reached by the jury. In our view he was not liable as garnishee. We recognize, to the full extent, the rule that a verdict should not be disturbed unless it is manifestly against the weight of evidence, or unless meaning to prevent a perversion of justice. That where there is a conflict in the evidence, if there is enough ground to sustain the finding, the verdict should not be disturbed. We also recognize the rule, which is equally binding upon us, that when the finding of the jury is unsupported by the evidence then it is our duty to reverse the judgment. In this case we find that the verdict is unsupported by the evidence. The second is not well taken. For the error indicated the judgment is reversed and the cause remanded.

*Judgment reversed.*